UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 5:15-cr-35-Oc-10PRL

JAMES LOUIS AMIDEI

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, JAMES LOUIS AMIDEI, and the attorney for the defendant, Theresa Truelove, Esquire, mutually agree as follows:

### A. Particularized Terms

1. **Count Pleading To**

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with deprivation of rights under color of law, specifically failure to intervene to stop the assault, resulting in bodily injury of D.P., in violation of 18 U.S.C. § 242 and § 2.

2. **Maximum Penalties**

Count One carries a maximum sentence of 10 years imprisonment, a fine of $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count for individuals. With respect to certain offenses, the Court shall order the defendant to make restitution to any

Defendant's Initials  JLA

victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First:</u> the defendant was acting under color law when he committed the acts charged in the Information;

<u>Second:</u> the defendant deprived D.P. of a right secured or protected by the Constitution or laws of the United States, namely, the right to be free from unreasonable seizure, which includes the right to be free from unreasonable force. In this case, the Information charges that the defendant violated D.P.'s right to be free from an unreasonable seizure because (1) Marion County Sheriff's Deputies used unreasonable force against D.P. (2) the defendant knew the force used by Marion County Sheriff's Deputies against D.P. was unreasonable; and (3) the defendant failed to intervene despite the opportunity to do so;

<u>Third:</u> the defendant acted willfully, that is, the defendant acted with a specific intent to do an act that the defendant knew the law forbade; and

<u>Fourth:</u> the offense resulted in bodily injury.

4. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

Defendant's Initials JLA        2

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to conduct giving rise to this plea agreement.

6. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A, defendant agrees to make full restitution to D.P.

7. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted,

Defendant's Initials  JA          3

the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9. Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and

Defendant's Initials JLA    4

complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials ）ᒪA̅       5

B. **Standard Terms and Conditions**

   1. Restitution, Special Assessment and Fine

   The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

   On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

   The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _____        6

2. <u>Supervised Release</u>

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United

Defendant's Initials JLA        9

States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and the Civil Rights Division of the United States Department of Justice and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials  JLA           10

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for

Defendant's Initials JLA         11

perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 9th day of JUNE, 2015.

_____
James Louis Amidei
Defendant

_____
Theresa Truelove, Esq.
Attorney for Defendant

_____
A. LEE BENTLEY, III
United States Attorney

_____
Carlos A. Perez-Irizarry
Assistant United States Attorney
Chief, Ocala Division

_____
Mark Blumberg
Special Litigation Counsel
Civil Rights Division

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2015 JUL 27 PM 3: 07

UNITED STATES OF AMERICA

v.

CASE NO. 5:15-cr-35-Oc-10PRL

JAMES LOUIS AMIDEI

## PERSONALIZATION OF ELEMENTS

1. On or about August 7, 2014, were you a duly sworn Deputy with the Marion County Sheriff's Office, acting under color of law when you committed the acts charged in the Information?

2. Did you deprive D.P. of a right secured or protected by the Constitution or laws of the United States, namely, the right to be free from unreasonable seizure, which includes the right to be free from unreasonable force, specifically failure to intervene to stop the assault?

3. Did you willfully deprive D.P. of that right?

4. Did D.P. suffer bodily injury as a result of your failure to intervene?

Defendant's Initials JLA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FILED
2015 JUL 27 PM 3:07
CLERK

UNITED STATES OF AMERICA

v.  CASE NO. 5:15-cr-35-Oc-10PRL

JAMES LOUIS AMIDEI

## FACTUAL BASIS

On or about August 7, 2014, the defendant James Louis AMIDEI (AMIDEI), a duly sworn law enforcement officer and member of the Marion County Sheriff's Office (MCSO), responded to the home of D.P. to assist in the execution of arrest and search warrants for D.P. and D.P.'s property. AMIDEI along with other MCSO deputies, not named in the Information, arrived at the home of D.P. as D.P. fled. Deputies gave chase to capture D.P. for approximately 60 minutes when D.P. was observed in the area of 100 Marion Oaks Blvd., Ocala, FL.

AMIDEI approached the area on foot where D.P. had been spotted and saw D.P. cross Marion Oaks Blvd. and run into the parking lot of a small strip of storefronts. As AMIDEI crossed the street, MCSO Deputies identified as Deputies 1 through 4, pulled into the lot ahead of AMIDEI in a pick-up truck. AMIDEI observed D.P. surrender, in that D.P. stopped running; put his hands in the air; kneeled on the ground while his hands remained raised; and laid flat on the ground with his arms outstretched and his palms down. At that time, D.P. had fully surrendered to law enforcement his hands were visible, he was

Defendant's Initials ___

compliant and non-resisting, and he did not appear to pose any threat to the deputies, himself, or others.

AMIDEI approached D.P., as Deputies 1 through 4 exited the pick-up truck and surrounded D.P. Deputy 2 was the first to make physical contact with D.P. followed by the Deputies 1, 3, and 4. The arrest and beating of D.P. was captured by a video camera affixed to the outside of the building where the beating occurred. The video footage depicts the unnecessary and unreasonable use of force by three deputies who beat, kicked, and kneed a fully compliant D.P. while AMIDEI and Deputy 4 failed to intervene to protect the arrestee, despite having the opportunity to do so. Deputy 2 kneeled down at the right side of D.P.'s head and shoulder, Deputy 3 positioned himself immediately above D.P.'s head, Deputy 1 took a position at D.P.'s left side, and Deputy 4 straddled the back of D.P.'s legs as AMIDEI hovered above the deputies directly behind Deputy 1. At no time did D.P. resist the deputies or pose a threat in any fashion. After Deputy 2 initially grabbed D.P.'s left arm from D.P.'s right side, pinning D.P.'s right arm to the ground, Deputies 1, 2 and 3 began beating D.P. as D.P. lay on the ground.

Defendant AMIDEI asserts that during the assault on D.P., his focus was principally drawn to Deputy 3 and Deputy 1. Deputy 3 repeatedly punched and kicked D.P. in the area of D.P.'s face, head, neck and shoulder. Deputy 1 repeatedly struck D.P. in D.P.'s ribs on the left side of D.P.'s body with his knee, driving it into D.P.'s side several times. While AMIDEI had a sense that Deputy 2

Defendant's Initials JLA                    2

was striking D.P., AMIDEI was not sure exactly where Deputy 2 hit D.P. or how many times he struck D.P. because AMIDEI's attention was drawn to the beating committed by Deputies 3 and 1. AMIDEI observed blood on the pavement and D.P.'s face as a result of the beating that the deputies administered.

At no time was any force necessary to be used upon D.P. once D.P. surrendered, other than to place D.P. in handcuffs. At no time did D.P. spit, kick, strike, move, threaten, or resist the deputies in any way. D.P. was at all times compliant and immobilized during the course of the beating which lasted for more than 30 seconds. AMIDEI understood at the time that the beating of D.P. was unnecessary, counter to his training, and completely unjustified. However, AMIDEI did nothing to intervene or discourage the beating despite having both a legal obligation and the opportunity to do so.

Knowing that the beating was wrong and could subject AMIDEI and Deputies 1 through 4 to liability and/or prosecution, AMIDEI submitted false reports describing the episode; a false affidavit in support of D.P.'s arrest; and made false statements under oath to Florida Department of Law Enforcement agents when interviewed about the incident intending to hide the true events.

Defendant's Initials JCA          3